IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| WARNER SEEDS, INC. and KELLY GREEN MEXICANA, INC., | § § § | |
| PLAINTIFFS, | § | |
| vs. | § § | |
| KELLY SUE MELLOR, , Individually, and d/b/a M&M TRUCKING & EXCAVATION, LLC, | § § § | |
| DEFENDANTS, | § § | CIVIL ACTION CAUSE NUMBER |
| and | § § | 2:10-CV-110-J |
| TOTAL QUALITY LOGISTICS, INC. and TOTAL QUALITY LOGISTICS, LLC, | § § § | |
| DEFENDANTS and CROSS-PLAINTIFFS, | § § | |
| vs. | § § | |
| KELLY SUE MELLOR, , Individually, and d/b/a M&M TRUCKING & EXCAVATION, LLC, | § § § | |
| CROSS-DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER, and**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case is a breach of contract action brought by the seller and buyer of goods against the transport service brokers and carriers who transported goods which were damaged in transport. Damage done to the goods during transport resulted in a total loss of the value of the goods shipped.

*Findings and Conclusions*

On August 10, 2011, the Court conducted an evidentiary hearing on liquidated and unliquidated damages. The following findings of fact and conclusions of law are based upon the pleadings, testimony, evidence and exhibits introduced and admitted at the evidentiary hearing in this

action, and the Court's rulings from the bench. Any finding of fact constituting in whole or in part a conclusion of law shall be deemed a conclusion of law. Any conclusion of law constituting in whole or in part a finding of fact shall be deemed a finding of fact.

## Findings of Fact

### *Background Facts*

Plaintiff Warner Seeds, Inc. was the seller of the goods at issue, which were 1,000 20 kilogram bags of hybrid grain sorghum seeds. Plaintiff Kelly Green Mexicana, Inc. was the buyer of the seed. Defendants Total Quality Logistics, Inc. and Total Quality Logistics, LLC (TQL), were brokers of transport services. Defendants Kelly Sue Mellor, Individually and d/b/a M&M Trucking and Excavation, LLC (Mellor) are transportation carriers. Defendants Mike Waters and Kelly Waters (Waters) were the truck drivers who transported the load of seeds from Hereford, Texas, to Brownsville, Texas.

On or about February 2, 2010, Warner Seeds delivered to the Waters and Mellor, as a bailee, $74,090.00 of its seed inventory. TQL and Mellor agreed and contracted to provide a truck to haul this load of hybrid grain sorghum seed to Brownsville, Texas for $1,165.00. Waters picked up the load of seed in Hereford, Texas. Waters informed Mellor that his tarp was ripped and therefore, he could not tarp the load. Rather than require Waters to obtain a new tarp so that the load could be properly covered, Mellor told the trucker to proceed anyway without the load being covered. Waters then signed off on a copy of the bill of lading with no exception, exclusions or riders, after the hybrid grain sorghum seed was loaded.

While in the custody, control and possession of the Defendants, their agents or employees, on or about February 2, 2010, Defendants negligently caused the truck to remain uncovered and the

seed unprotected during a rain event. The rain being allowed to fall on and permeate the load of seed caused the total loss of all of Plaintiffs' seed, which seed had been bailed to Defendants. Although the seed was eventually returned by Defendants to Plaintiffs (and remains in storage in Brownsville, Texas), Defendants' failure to cover the seed that was placed into their possession, custody, and control for delivery resulted in a total loss of the load of seed. The total amount of that seed loss was $74,090.00. The packaging lost was in the amount of $750.00. The freight cost was in the amount of $1,165.00.

Defendants TQL engaged Defendants Mellor and M&M Trucking as its agent to provide transportation services in order to fulfill contractual obligations owed by TQL to Plaintiff Warner Seed. TQL and Mellor entered into a Broker/Carrier Agreement which provides, in pertinent part, that Mellor agreed to indemnify, hold harmless and defend TQL from and against any and all claims for loss, damages or injury (including but not limited to reasonable attorney's fee), from and against any lawsuits, actions, and legal proceedings brought against TQL for or on account of any loss or damage to the tangible property shipped.

Plaintiffs sued Defendants TQL, Mellor and M&M Trucking for the loss of the property shipped. The TQL Defendants filed a cross action against Mellor and M&M Trucking based upon the indemnity agreement.

### Procedural Background

This case was removed to this Court from state court. On April 29, 2010, a copy of the citation and Plaintiffs' original state court petition and requests for disclosure was received by the Texas Secretary of State and a copy forwarded on May 5, 2010, by certified mail, return receipt requested to Kelly Sue Mellor, Individually and d/b/a M & M Trucking and Excavation LLC in Salt

Lake City, Utah. The return receipt was received by the Texas Secretary of State's office on May 12, 2010, bearing the signature of the addressee's agent. The officer's return of service was filed with the Deaf Smith County District Clerk on May 26, 2010.

On August 25, 2010, Defendants TQL sent service of process on its cross action against Defendant Mellor and M&M Trucking to the Texas Secretary of State, which forwarded service by certified mail, return receipt requested to Kelly Sue Mellor, Individually and d/b/a M & M Trucking and Excavation LLC in Salt Lake City, Utah. The return receipt was received by the Texas Secretary of State's office on September 3, 2010, bearing the signature of the addressee. The officer's return of service was filed with this Court on September 15, 2010.

On May 12, 2011, pursuant to Federal Rule of Civil Procedure 4(m) Plaintiffs' causes of action against Defendants Mike Waters and Kelly Waters were dismissed without prejudice for failure to timely perfect service of process.

On May 17, 2011, Plaintiffs moved for entry of default judgment against Defendants Mellor and M&M Trucking on both Plaintiffs' direct causes of action and upon the assignment to Plaintiffs of TQL's cause of action based upon the indemnity agreement. A copy of the motion for default was served upon Defendants Mellor and M&M Trucking. In that motion, Plaintiffs sought default judgment for the $74,090 in lost seed, packaging loss in the amount of $750, freight costs in the amount of $1,165, $13,568.50 for Plaintiffs' attorney's fees, court costs, and $48,261.89 for Defendants Total Quality Logistics, Inc. and Total Quality Logistics, LLC's assigned claims, causes of action and rights of recovery against Defendants Kelly Sue Mellor, Individually and d/b/a M&M Trucking and Excavation, LLC. The assignment cause of action was detailed in Plaintiffs' motion for default judgment to include $25,000.00 in settlement payments and credits, plus costs, attorneys

fees, and expenses of suit. The $25,000 was composed of $22,612 paid in cash by TQL and $2,388 in waiver of payment for TQL invoices to Warner Seeds, Inc. In addition, the $48,261.89 included $22,153 in attorneys' fees paid by TQL and $1,108.89 as its expenses of suit.

Defendant M&M Trucking and Excavation, L.L.C. is not an infant, an incompetent person, or in military service. Defendant Kelly Sue Mellor is not an infant, an incompetent person, or in military service.

Neither Defendant Kelly Sue Mellor, individually and/or D/B/A M&M Trucking and Excavation, L.L.C., nor M&M Trucking and Excavation, L.L.C. filed a responsive pleading or otherwise defended this suit. On September 13, 2010, Plaintiffs filed their request for entry of default with the United States District Clerk. On September 14, 2010, the United States District Clerk entered the Clerk's certificate of default against Mellor. Defendants Kelly Sue Mellor, individually and d/b/a M&M Trucking and Excavation, L.L.C. have defaulted in this action on all claims and cross claims.

## TQL Settlement

On October 22, 2010, Plaintiffs entered into a settlement agreement with Defendants Total Quality Logistics, Inc. and Total Quality Logistics, L.L.C. As a result of the mediated settlement agreement and indemnity provision contained in the parties' Broker/Carrier Agreement, Defendants Total Quality Logistics, Inc. and Total Quality Logistics, L.L.C. assigned to Plaintiffs all of its claims, causes of action and rights of recovery Total Quality Logistics, Inc. and Total Quality Logistics, L.L.C. has against Defendants Kelly Sue Mellor, Individually, and/or d/b/a M&M Trucking and Excavation, L.L.C. including, but not limited to, the right to recover settlement payments, costs, attorneys fees and expenses incurred in this action. That assignment is part of

Plaintiffs' recovery in this case. The amount of settlement payments, attorneys fees, and expenses incurred in this action by Defendants Total Quality Logistics, Inc. and Total Quality Logistics, L.L.C. is $48,261.89. That amount is composed of: $22,612 paid in cash to Plaintiffs by TQL, $2,388 in waiver of payments due from Warner Seeds, Inc., $22,153 in TQL's attorneys' fees, and $1,108.89 for TQL's expenses of suit.

## Conclusions of Law

This Court has jurisdiction over the parties and the subject matter, and venue for this action properly lies within the Northern District of Texas, Amarillo Division. The city of Hereford, Texas, is within the Amarillo Division.

The Court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. Pro. 54 & 55(a)& (b). A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. Pro. 54©. After an entry of default, a plaintiff may apply for a judgment based on such default either: (1) by the Clerk if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation with an affidavit showing the amount due, or (2) by the Court for unliquidated damages. Fed. R. Civ. Pro. 55(b); *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).

Plaintiffs have pled for and are entitled to relief against Defendants Kelly Sue Mellor, Individually, and d/b/a M&M Trucking and Excavation, L.L.C. because Kelly Sue Mellor, Individually, and d/b/a M&M Trucking and Excavation, L.L.C. failed to transport Plaintiffs' hybrid grain sorghum seed with a tarp pursuant to Plaintiffs' instructions and requirements thereby allowing rain to fall on and permeate the load of seed causing a total loss of all of Plaintiffs' seed. Plaintiffs have been damaged in the amount of $74,090.00 for the seed, $1,165.00 for transportation costs,

$750.00 for packaging loss, plus attorneys fees, and costs of court. The amount of reasonable and necessary attorney's fees incurred by Plaintiffs in this case through and including the evidentiary hearing is $16,005.06. Taxable costs will be determined pursuant to a timely filed bill of costs.

Pursuant to the Texas Civil Practice and Remedies Code, § 38.001(5) & (8), a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for lost or damaged freight or an oral or written contract. That statutory provision for recovery of attorney's fees applies in this case.

However, Texas tort law recognizes a "one satisfaction" rule: "[A]n injured party is entitled to but one satisfaction for a single injury, so that an amount received in settlement from one alleged tortfeasor must be applied as a credit reducing the amount to be recovered against other defendants." *Ratner v. Sioux Natural Gas Corp.*, 719 F.2d 801, 804 (5th Cir. 1983)(citing *Gill v. United States*, 429 F.2d 1072, 1079 (5th Cir. 1970). "The purpose of the rule is to ensure that a plaintiff receives no more than full compensation for his loss." *Id.* at 804. "The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury." *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex. 1991). Texas "courts have applied the one satisfaction rule when the defendants commit the same act as well as when defendants commit technically differing acts which result in a single injury." *Id.* (citing *American Baler Co. v. SRS Systems, Inc.,* 748 S.W.2d 243, 246 (Tex. App.—Houston [1st Dist.] 1988, *writ denied*)). The one satisfaction rule also applies in this case. Plaintiffs' two causes of action – negligence and breach of contract – are based on the same wrongful act, the failure to tarp the load to prevent rain from ruining the seed. The Plaintiffs can not doubly recover for their actual damages caused by the same act.

Plaintiffs have received in settlement with TQL payment of $25,000.00 in cash and invoice waivers and the assigned right to judgment for $48,261.89 on TQL's indemnity cause of action in settlement of their claims against the TQL Defendants. Defendants Mellor and M&M Trucking are entitled to a reduction in those amounts in Plaintiffs' judgment in this case.

Plaintiffs' recovery, therefore, will be $76,005.00 in liquidated damages, plus $16,005.06 in attorney's fees through the date of judgment, plus $48,261.89 for judgment on the TQL assignment, less, because of the application of the one satisfaction rule, the $25,000.00 already received from TQL in cash and waiver of invoice payments and the $48,261.89 for the judgment assigned. Judgment will be entered for Plaintiffs for $67,010.06, plus taxable costs./[1]

Judgment will not be entered for TQL because recovery upon TQL's defaulted causes of action against cross-defendants Mellor and M&M Trucking were assigned to Plaintiffs and are included in the calculation of Plaintiffs' total recovery.

The judgment will be a final judgment on the causes of action asserted by Plaintiffs in their original complaint, and a final judgment on the cross-action which TQL filed against Mellor and M&M Trucking and which was later assigned to Plaintiffs.

It is SO ORDERED.

Signed this the ___ day of September, 2011.

Mary Lou Robinson
United States District Judge

---

[1] Although Plaintiffs have in effect recovered twice for the $25,000 received in cash and waived invoices – once in payment on their causes of action for actual damages and again as part of the cause of action assigned in the settlement of TQL's causes of action – the Plaintiffs' judgment entered here will permit full satisfaction for their loss, plus attorney's fees, but will permit only one satisfaction in accordance with Texas law.